ELIZABETH RADEBAUGH *et al.* Appellees, *vs.* JOSEPH F.
RADEBAUGH, Appellant.

*Opinion filed December 16, 1914.*

1. DEEDS—*a statutory warranty deed is deemed to convey a fee unless a less estate is limited.* Under section 13 of the Conveyances act a statutory warranty deed is deemed to convey the fee unless a less estate is limited in express words or results by operation of law.

2. SAME—*when a statutory warranty deed conveys a life estate, only.* A statutory warranty deed to the grantor's three daughters, (naming them,) the land "to be for a homestead for the above named grantees, and given with the understanding that if one should die then to be owned and held by the other two, and after the death of the second then to be owned and controlled by the other óne during the term of her natural life," conveys to the survivor a life estate, only.

3. SAME—*extent to which evidence of extrinsic circumstances is admissible.* In construing a deed evidence of the circumstances surrounding the grantor is admissible only for the purpose of identifying the subjects and objects of the grant and not to change the meaning of the language used, and such evidence is of no assistance where neither the subject matter nor the donee of the grant is in doubt.

APPEAL from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding.

REARICK & MEEKS, and ACTON & ACTON, for appellant.

R. B. HOLMES, and J. B. MANN, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On November 20, 1880, William White conveyed 135 acres of land by a *statutory* warranty deed, in consideration of natural affection and five dollars, to his three daughters, Susan, Rachel and Margaret White. The following language was inserted in the deed immediately following the description of the premises: "It is expressly understood

that said land is to be for a homestead for the above named grantees, and given with the understanding that if one should die then to be owned and held by the other two, and after the death of the second then to be owned and controlled by the other one during the term of her natural life: *Provided,* the grantor shall retain peaceable possession of the same during the term of his natural life." The question to be determined is whether the estate conveyed was a life estate or a fee simple. This appeal is from a decree in a partition suit holding that a life estate, only, was conveyed.

Under section 13 of chapter 30 of the Revised Statutes the deed is to be deemed a conveyance of the fee unless a less estate appears to have been limited in express words or results by operation of law. The object of the language quoted was to declare the purpose of the conveyance and the manner in which the land should be held. The purpose was declared to be for a homestead for the grantees,— that is, for a residence to be occupied by them as a home,— and this statement did not restrict the grant to less than the fee. The remaining language, however, declared that the tenure should be after the death of one to the two survivors, and after the death of the second grantee to the remaining survivor during the term of her natural life. The words "during the term of her natural life" limit the grant to the last survivor to a life estate. There is no ambiguity—no room for construction. Without those words the deed would, on its face, convey the estate to the three grantees to hold during their joint lives, with remainder after the death of one to the survivors during their joint lives, with remainder after the death of one of the survivors to the other in fee. With those words added the estate to the last survivor can be no more than a life estate.

The claim of the appellant is, that the deed conveyed the fee simple to the grantees but that the share of each was subject to the right of occupancy as a homestead by

the other two and by the survivor of them until the death of the last survivor. It is the view of the appellant that the words·"during the term of her natural life" have reference to the homestead estate and were intended to secure to the survivor the occupancy and possession of the whole tract during her life. The clause under consideration has no such meaning. It was the land which was to be for a homestead, and it was the land which was given with the understanding that if one should die then the land was to be owned and held by the other two, and after the death of the second then the land was to be owned and controlled by the other one during the term of her natural life. Any other meaning requires a forced and unnatural construction, and can be arrived at only by a consideration of circumstances shown by evidence outside of the deed itself which may give rise to a conjecture of some intent existing in the grantor's mind different from that expressed by the words of the instrument. It is the intent expressed ·which must control rather than a different intent which the grantor may be conjectured to have had in mind but did not express.

The circumstances referred to, shown by the evidence, were, that the grantor was a widower, seventy-nine years old, and the grantees were his daughters, all unmarried and over fifty years old. The father and three daughters lived ·together on the land and no other members of the family lived there, though there were five other daughters and a son, to whom, at the same time the deed in question was made, other deeds were executed by the grantor conveying all his land. The grantor and grantees continued to reside upon the land until their respective deaths. The grantor died first and all the grantees are now dead. The grantor, several years after the execution of the deeds, delivered $3000 in trust, to collect and pay the interest to him during his lifetime and at his death to pay the principal to his three daughters, the grantees in the deed. He afterward

died leaving a will which disposed of his personal prop-
.erty, only. Evidence of such circumstances is admissible
in the construction of deeds and wills only for the purpose
of identifying the subject and objects of the grant and not
for the purpose of changing the meaning of the language
used. It is of no assistance in this case, where neither the
subject matter nor the donee of the grant is in doubt.

The construction of the deed by the circuit court was
correct, and its decree will be affirmed.

*Decree affirmed.*