LEON L. NAVE *et al.* Appellees, *vs.* ADA NOEL BAILEY *et al.*—(JEROME E. BAILEY *et al.* Appellants.)

*Opinion filed February 24, 1928.*

1. DEEDS—*granting clause prevails over the habendum clause.* Where the *habendum* clause in a deed tends to cut down the estate given by the granting clause, so that two repugnant estates are granted, the granting clause prevails over the *habendum* and the latter becomes of no effect, and it is only where the granting clause does not definitely describe the estate granted that reference may be had to the *habendum.*

2. SAME—*habendum giving an estate tail was not repugnant to grant of a fee at common law—life estate.* At common law the *habendum* clause could lessen, enlarge, explain or qualify but not totally contradict or be repugnant to the estate granted in the premises, and the *habendum* giving an estate to the grantee and the heirs of his body, or an estate tail, was not regarded as repugnant to the grant of the fee in the premises; but an estate for life, only, in the *habendum* was void, as being repugnant to the fee expressed in the premises.

3. SAME—*under section 6 of Conveyance act, habendum giving estate to grantees and heirs of their bodies is repugnant to grant of fee.* As a conveyance to a grantee and the heirs of his body, or an estate tail at common law, conveys a life estate, only, in the grantee by section 6 of the Conveyance act, where the grant in the premises is to the grantees and their heirs and the *habendum* is to the grantees and the heirs of their bodies, the *habendum* is repugnant to the premises and of no effect, as the life estate so given is repugnant to the fee.

4. SAME—*conveyance in trust for married woman prior to the act of 1861 is subject to rules of construction of deeds.* While the Statute of Uses could not operate to defeat a conveyance in trust for the benefit of a married woman prior to the act of 1861 and her rights and interests were fully protected in equity, it cannot be contended that such conveyance, creating an equitable estate, is subject only to the rules of construction as to wills, but in construing the deed, as to the estate granted, the rules of law pertaining to the construction of deeds must obtain.

5. SAME—*rule in Shelley's case will be applied regardless of intention.* Where the rule in *Shelley's case* is applicable to a limitation in a deed the rule must control even though the intention

of the grantor is clearly shown by the instrument to have been otherwise.

6. SAME—*when word "only" after word "heirs" does not limit estate granted.* The use of the word "only" after the word "heirs" in the granting clause of a deed cannot be construed as limiting the conveyance of the fee in the granting clause and as requiring effect to be given to the *habendum,* which gives the estate to the grantees and the heirs of their bodies, on the ground that it explains the words of conveyance in the granting clause.

7. SAME—*conveyance of fee in granting clause cannot be cut down by subsequent expression of grantor's intention.* The conveyance of a fee in the granting clause in a deed cannot be cut down to a less estate by subsequent expression of the grantor's intention, regardless of whether the subsequent expression is a part of the *habendum* clause, as the first of two repugnant clauses in deeds must prevail.

8. TRUSTS—*equitable estates are governed by the same rules as legal estates.* Equitable estates are governed by the same rules as legal estates, and any conveyance by the *cestui que trust* will have the same operation in equity upon the trust estate as it would have had in law upon the legal estate.

APPEAL from the Circuit Court of Greene county; the Hon. NORMAN L. JONES, Judge, presiding.

WILLIAM A. POTTS, and JOHN T. CULBERTSON, JR., for appellants.

J. F. GREER, THOMAS HENSHAW, and D. F. LAWLEY, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree for partition, entered by the circuit court of Greene county, granting the prayer of the appellees' amended bill.

The controversy arises over the construction of the deed of Benjamin Comens, a widower, written in his own hand on April 22, 1845. By this deed he conveyed certain real estate in Greene county to Timothy Ladd, as trustee, for the use of his daughter, Abigail Noel, and her infant chil-

dren, Benjamin and Ada. The provisions of the deed important here are the premises and the *habendum*. The former reads: "That the said Benjamin Comens, the party of the first part, for and in consideration of the natural love and affection which he has for his said daughter, Abigail, and her infant children, Benjamin Comens Noel and Ada Noel, have this day granted, bargained and sold and do by these presents grant, bargain and sell and convey to the said Timothy Ladd, the party of the second part, in trust for the use and benefit and behoof of his daughter, Abigail Noel, and her infant children, Benjamin Comens Noel and Ada Noel, and to their heirs and assigns only, the following tracts or parcels of land." The *habendum* is as follows: "To have and to hold the above described pieces or parcels of land to the said Timothy Ladd for the sole use and benefit and behoof of my said daughter, Abigail, and her infant children, Benjamin Comens Noel and Ada Noel, and the heirs of their body forever, and to no other purpose nor for the use and benefit of no other person whomsoever, nor shall the present husband of the said Abigail nor any future husband which she may or might have, have any control or management whatsoever, and in the event of the death of his said daughter, Abigail, or either of her infant children, Benjamin Comens Noel and Ada Noel, without heirs of their body, then the interest herein conveyed to them or to their use shall vest in the survivor or survivors and the heirs of their body. The object of this conveyance being to secure to his said daughter, Abigail, and to the heirs of her body and at her death and to her infant children, Benjamin Comens Noel and Ada Noel, and the heirs of his or her body and to no other person or persons the use, benefit or enjoyment of said tracts of land and the interest growing out of the same."

Abigail Noel was a married woman at the time the deed was executed. A short time after that date she divorced her husband, Washington Noel, and later married Hubbard

S. Latham. Of this union there were born two children, Laura and Ella. Latham died. Thereafter she married Norton Sage. On November 16, 1881, she and her husband, Norton Sage, executed a warranty deed conveying her undivided one-third of the real estate in question to Benjamin and Ada, her son and daughter. The grantor, Benjamin Comens, died in 1856. Ladd, the trustee, died in 1858. Abigail's son, Benjamin, died intestate May 3, 1904, leaving a widow, Matilda, but no issue. Abigail died intestate in 1906, leaving Ada Noel, (later Bailey,) Laura Latham and Ella Latham Nave, her daughters and only heirs-at-law. Laura died intestate July 24, 1907, leaving as her heirs-at-law her sister, Ella, her half-sister, Ada, and the children of her father, Hubbard S. Latham, by a former marriage. Ella died intestate August 9, 1914, leaving appellees, Leon L. and Hubert L. Nave, her sons and only heirs-at-law. Ada died testate April 28, 1922, leaving as her only heirs and devisees her son, Jerome E. Bailey, and her grandson, Donald Baily, the son of her daughter, Jessie, who had married Harry Baily. Norton Sage died prior to 1906.

It is alleged in the pleadings, and not denied, that after the death of Benjamin C. Noel, one of the grantees in the deed of Benjamin Comens, Ada Noel Bailey received the rents up to the time of her death, and thereafter they were collected by her son, Jerome, for the benefit of himself and his nephew, Donald Baily. These two claim to own the premises as tenants in common. Appellees, as the children of Ella Latham Nave, daughter of Abigail by Hubbard S. Latham, claim an interest in the lands and filed this bill for partition. Appellants Jerome E. Bailey and Donald Baily, and others who claim to have an interest in the land, were made parties defendant. An amended bill was later filed and a hearing was had thereon and the answers thereto.

The decree finds that appellees, Leon L. and Hubert L. Nave, appellants Jerome E. Bailey and Donald Baily, and Matilda Noel, Hiram P. Latham, George Gale, George

Latham, Jessie Seely, Ada B. Dunbar, Charles W. Latham, Frederick G. Latham, Cassius W. Latham, Sr., Daniel L. Latham, Julia Horn, William Latham, Edna Watts and Cassius W. Latham, Jr., are the owners, as tenants in common, of the fee of said lands, and decreed partition according to the various interests of such parties. It is conceded that the interests found by the decree are correct if the deed is properly construed.

The only question presented in the argument concerns the construction of the deed of Benjamin Comens. Appellees say that it conveyed the lands to Abigail Noel (later Latham, later Sage,) and to her children, Benjamin and Ada, in fee simple, as tenants in common. The decree so construes it. The position of appellants is, that notwithstanding the language in the granting clause, the deed by the *habendum* clause created an equitable life estate in Abigail, the grantor's daughter, and her children, Benjamin and Ada, with remainder to the heirs of the body of the survivor.

The rule obtaining in this State, and generally, is, that where the *habendum* tends to cut down the estate given by the granting clause, so that two repugnant estates are granted, the granting clause prevails over the *habendum* and the latter becomes of no effect. (*Harder* v. *Matthews,* 309 Ill. 548; *Haughn* v. *Haughn,* 296 id. 305; *Riggin* v. *Love,* 72 id. 553; 1 Devlin on Deeds, sec. 220; Kales on Estates,—2d ed.—sec. 178; 2 Tiffany on Real Prop.— 2d ed.—1620; 3 Washburn on Real Prop.—5th ed.—*643.) The granting clause in this deed conveys the land in trust for Abigail and her children, (naming them,) "and to their heirs and assigns only." The *habendum* limits the estate to the grantor's daughter, Abigail, and her children, Benjamin and Ada, "and the heirs of their body forever." It is further stated in that clause: "The object of this conveyance being to secure to his said daughter, Abigail, and to the heirs of her body and at her death and to her infant children, Benjamin Comens Noel and Ada Noel, and the

heirs of his or her body and to no other person or persons the use, benefit or enjoyment" of the land granted.

At common law a deed to one and the heirs of his body conveyed a fee tail. A fee tail was an estate of inheritance which, instead of descending to the heirs generally, descended to the heirs of the donee's body or some class of such heirs, and through them to like heirs in a direct line, in a regular order and course of descent, so long as such heirs existed, and upon extinction of the specified issue the estate determined. (Sheppard's Touchstone, 102; 2 Blackstone's Com. 112; Williams on Real Prop. 43; *Hickox* v. *Klaholt,* 291 Ill. 544; *Coogan* v. *Jones,* 278 id. 279.) The effect of the *habendum* clause in this deed at common law, if it is to be given effect, was to create a fee tail in Abigail and her named children, remainder in fee to the heirs of the body of said grantees. The office of the *habendum et tenendum* (to have and to hold) is properly to determine what estate or interest is granted by the deed. At common law the *habendum* could lessen, enlarge, explain or qualify, but not totally contradict or be repugnant to, the estate granted in the premises, as if one give land to A and his heirs, *habendum* to him and the heirs of his body, the *habendum* is good and he has an estate tail, for the *habendum* explains what is meant by "heirs" in the granting clause, and this explanation is consistent. (2 Blackstone's Com. 298; 4 Dane's Abridgment, (ed. 1824) p. 97; 3 Washburn on Real Prop.—6th ed.—sec. 2358; 2 Lomax's Digest, (ed. 1839) pp. 216, 217; 10 Halsbury's Law of England, p. 475, note "o;" 3 Greenleaf's Cruise, (ed. 1850) p. 351; Preston on Conveyancing,—2d ed.—440; 1 Wood on Conveyancing,—6th ed.—Powell's notes, p. 335; Sheppard's Touchstone,—8th ed.—p. 75; Coke on Littleton, 21-A; 14 Viner's Abridgment, p. 150; 4 Comyn's Digest,—5th ed.—277; 2 Crabb on Real Prop. (ed. 1846) sec. 975, p. 26; 2 Preston on Estates, (ed. 1827) p. 509; 4 Thompson on Real Prop. sec. 3320.) The estate granted may be

limited in the premises and the *habendum* altogether omitted. The *habendum* was at common law considered unimportant and if repugnant to the limitations appearing in the premise will have no effect. An absolutely repugnant *habendum* always yields to the terms of the premises. The common law rule also is, if by any fair and reasonable construction the premises and the *habendum* may be reconciled so that both can stand effect will be given to both, as where the limitation of the premises is in general terms to A and his heirs generally and the *habendum* limits the estate to A and the heirs of his body, the *habendum* is not necessarily contradictory of the premises and so has its proper effect, and the estate granted is an estate tail. Tiedeman on Real Prop.—3d ed.—sec. 609; Challis on Real Prop. (ed. 1911) pp. 335-413; 1 Washburn on Real Prop. (6th ed.) sec. 194.

It is clear from these authorities that at common law the *habendum* in a case such as this would be considered in determining the estate granted by the deed to Abigail and her named children and that such estate so limited would be held to be a fee tail. By section 6 of the Conveyance act, (Cahill's Stat. 1927, p. 609,) first enacted in 1827, that estate which at common law would have been a fee tail is adjudged to be an estate for the natural life of the grantee, with the remainder in fee simple absolute to the person or persons to whom the estate tail would on the death of the first grantee first pass. The effect of this statute, where the grant is to A and the heirs of his body, is that A takes a life estate and the heirs of his body take the remainder in fee. So in this deed, the *habendum*, if it be considered, conveys a life estate to Abigail and her named children, with the remainder in fee simple absolute to the heirs of the body of said grantees. *Hickox* v. *Klaholt, supra; Lewin* v. *Bell,* 285 Ill. 227; *Bowlin* v. *White,* 244 id. 623; *Dick* v. *Ricker,* 222 id. 413; *Anderson* v. *Anderson,*

329—16

191 id. 100; *Cooper* v. *Cooper,* 76 id. 57; *Blair* v. *Van-blarcum,* 71 id. 290.

We come, then, to the question whether the life estate created by the *habendum* of the deed is repugnant to the fee created by the granting clause. If it is, the *habendum* must be rejected regardless of the grantor's intention.

While at common law a fee tail was not considered repugnant to a fee, it has always been the rule that if a deed be given to A and his heirs by the premises and by the *habendum* to him for life, the *habendum* is void because a life estate is repugnant to the fee expressed in the premises. (Wood's Inst. B-2, C-3, p. 225; 2 Blackstone's Com. 298; 4 Dane's Abridgment, *supra; Flagg* v. *Eames,* 40 Vt. 23; *Nightingale* v. *Hidden,* 7 R. I. 118.) In *Tyler* v. *Moore,* 42 Pa. St. 374, the rule is stated thus: "Still, it is true that if the *habendum* be absolutely repugnant to the premises,—if it cannot be reconciled with them so that full effect can be given to both,—it must give way and the premises must stand. Thus, if there be a grant to one and to his heirs, *habendum* to him for life, there is an irreconcilable contradiction, for it cannot be an estate for life and at the same time an estate in fee simple. Either the word 'heirs' in the premises must be stricken out or effect must be denied to the *habendum.* In a deed the premises will prevail.—2 Reps. 23; 2 Black. Com. 298; *Goodtitle* v. *Gibbs,* 5 B. & C. 709; *Wager* v. *Wager,* 1 S. & R. 374."

Since by section 6 of the Conveyance act an estate tail has been abolished and replaced in Illinois by a life estate in the grantee, with remainder in fee in those specified, the common law rule that an estate tail is not repugnant to a fee cannot apply. The grant of a life estate is repugnant to the grant of a fee. So viewed, the *habendum* in this deed cannot be said to be merely explanatory of the premises but is repugnant thereto, and under the rules here stated the premises of the deed must obtain and the *habendum* be discarded regardless of the intention of the grantor. The

deed must therefore be held to convey a fee simple title to Abigail Noel and her named children unless there be other rules of law permitting the consideration of the *habendum*.

Counsel for appellants argue that the estate created by the deed in this case is an equitable one, and that the instrument is therefore to be construed under the rules applicable to the construction of wills. They do not cite authorities of this court in support of this position, but they argue that as this deed was for the benefit of a married woman and was executed prior to the Married Women's act of 1861, the trust created by it will not be held to have been executed by the Statute of Uses but continues as a trust estate for her protection against her then husband or anyone who may thereafter occupy that position, and that therefore the unbending rules of the common law governing the construction of deeds do not apply. The conveyance of a separate estate to a married woman was in direct derogation of the common law, which declared the husband to be the head of the wife and therefore owner of all she had. Courts of equity early took cognizance of a trust for her sole benefit, by which the legal estate was vested in a trustee with the beneficial interest in her for her sole use. She by such trust was given the sole and separate use and enjoyment of the property, secure from all her husband's rights and liabilities. It is of the essence of such an estate that the wife shall be independent of the control of her husband and of his liabilities in respect to the property set apart for her use. (*Meacham* v. *Bunting*, 156 Ill. 586; *Dean* v. *Long*, 122 id. 447; *Carpenter* v. *Browning*, 98 id. 282; 3 Kerr on Real Prop. p. 1741; Clancy's Rights of Married Women, p. 251; 3 Pomeroy's Eq. Jur. sec. 1098.) When from the terms of the gift, settlement or bequest the property is expressly or by just implication designed for the wife's separate and exclusive use, (technical words not being necessary,) the intention will be fully acted upon and her rights and interests sedulously protected in equity.

(3 Story's Eq. Jur. sec. 1810.) The purpose of such trusts was to protect married women. If the Statute of Uses had operated at the time of the conveyance to vest the estate in the *cestui que trust,* (the wife,) then, upon issue born, the husband would have become tenant by curtesy initiate as though the deed from the grantor had been direct to her. The grantee being a married woman, the Statute of Uses did not execute the trust and the legal title remained in the trustee for her use. *Meacham* v. *Bunting, supra; Dean* v. *Long, supra;* Perry on Trusts, 310.

The Statute of Uses executes the use, if at all, only at the time the use is created. (Kales on Estates, sec. 69.) To create a trust of such character technical words are not necessary, but whether it was created is to be determined by the language used. That such an estate is an equitable one is clear. It is equally clear from the authorities cited that the Married Women's act did not execute the trust. It is conceded here, however, by both sides, that the trust became executed at least on the death of Ada Noel Bailey, grantee, if not at the death of her mother, Abigail, but counsel for appellants contend that since the estate was an equitable one, created by a trust for a married woman, the common law rules of construction of the deed in determining the measure of the estate granted do not apply, but that the same rules are to be applied as in the construction of wills,—that is, that the testator's intention must govern. Rules of construction applicable in determining whether such a trust was in fact created do not necessarily control the construction of the deed as to the estate granted. It is a fundamental proposition that equitable estates are governed by the same rules as legal estates. (*People* v. *Emery,* 314 Ill. 220; *Merchants' Loan and Trust Co.* v. *Patterson,* 308 id. 519; *McFall* v. *Kirkpatrick,* 236 id. 281.) Any legal conveyance by the *cestui que trust* will have the same operation in equity upon the trust estate as it would have had in law upon the legal estate. (*Merchants' Loan and*

*Trust Co.* v. *Patterson, supra; Croxall's Lessee* v. *Shererd,* 5 Wall. 268; Washburn on Real Prop.—6th ed.—1441.) Where the rule in *Shelley's case* is applicable to a limitation in a deed, the rule must control even though the intention of the grantor is clearly shown by the instrument to have been otherwise. (*Wilson* v. *Harrold,* 288 Ill. 388.) In the construction of the deed in question in this case as to the estate granted, the rules of law pertaining to the construction of deeds must obtain. It is only where the granting clause does not definitely describe the estate granted that reference may be had to the *habendum*: *Anderson* v. *Stewart,* 285 Ill. 605; *Smith* v. *Tucker,* 250 id. 50; *Bauman* v. *Stoller,* 235 id. 480; *Walker* v. *Shepard,* 210 id. 100; *Riggin* v. *Love, supra.*

Appellants urge, however, that the use of the word "only" in the granting clause limits the word "heirs," and they invoke the rule laid down in *Griswold* v. *Hicks,* 132 Ill. 494, that where the word "heirs" is limited in the granting clause the *habendum* will be operative. Appellants' counsel argue that the word "only" must be construed as meaning "heirs of the body." They advance no reason for this construction and we are unable to see any. It might with equal, if not greater, force be said that "only" related to the grantees and their heirs and assigns. There is therefore no reason for construing the word "only" as creating a limitation on the technical meaning of the word "heirs" or as giving rise to an indefinite description of the estate granted. We are of the opinion it cannot be so construed.

It is also contended that the language herein set out referring to the object of the conveyance is not a part of the *habendum* and for that reason it should be considered. This position is not tenable for two reasons: First, there is nothing to indicate that the language referred to is not a part of the *habendum;* and second, whether it is or not can make no difference. One reason for the rule that a definite grant in the premises cannot be cut down by a re-

pugnant grant in the *habendum* is that the former is the granting clause in the deed. The *habendum*, although properly constituting an independent clause in a deed, is not absolutely necessary. (Tiedeman on Real Prop.—2d ed.— sec. 844.) It is also said that while in wills the later of repugnant provisions prevails, in deeds the first of two repugnant clauses will prevail. (*Doe* v. *Biggs*, 2 Taunt. 113; 9 Am. & Eng. Ency. of Law—2d ed.—p. 139.) The *habendum* here creates an estate repugnant to that created in the premises and must be disregarded.

The construction of this deed by the chancellor is correct, and the decree of the circuit court will be affirmed.

*Decree affirmed.*