(No. 27229.—

JANIE LAW, Appellant, *vs.* JAMES P. KANE, individually and as executor, Appellee.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 12, 1944.*

592

CRAIG & CRAIG, for appellant.

HARRY I. HANNAH, and THOMAS R. FIGENBAUM, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

October 3, 1934, Janie Law, then seventy-three years of age, a resident of the town of Hutton, in Coles county, executed and delivered to her first cousin, William Mead,

sixty-seven years old, a warranty deed, in statutory form, to a tract of thirty-five acres in Coles county. The deed, reciting that the consideration was one dollar, love and affection, conveyed and warranted to the grantee the tract in controversy "for and during the natural life of the grantor, she reserving the use and occupation of the land during her the grantor's life. A part of the consideration of this deed is that the grantee, shall if and when requested by the grantor furnish her support, and pay her funeral expenses, if she leaves no other estate." Mead took possession of the property, collected and retained the rents amounting to $6 per acre for the years 1934 to 1941 and $7 per acre for the years 1941 and 1942. Mead paid the real-estate taxes on the farm subsequent to the date of the deed. The county treasurer refunded to Miss Law the taxes paid by her for the year 1938. Mead paid a drainage assessment of $3.50 in 1938. Janie Law owned other real estate in Coles county. She received no income from the property in controversy, and did not seek support from William Mead at any time prior to his death on June 16, 1942. By his last will and testament, admitted to probate in the county court of Coles county, Mead devised his entire estate to his nephew, James P. Kane, and named him executor.

August 19, 1942, the plaintiff, Janie Law, filed her complaint in the circuit court of Coles county against the defendant, James P. Kane, individually and as executor of the will of William Mead, deceased, and, thereafter, an amended complaint and a second amended complaint. By her third pleading, plaintiff alleged that the deed reserved a fee-simple title in herself and conveyed to the grantee, Mead, an estate for her life, she, however, to enjoy the right to request him and his privies in estate to furnish her support, and that she was demanding support be furnished to her, under the terms of the deed, for the

remainder of her life and specific performance of the agreement to furnish support. An accounting was also sought. In the alternative, plaintiff charged that, under the terms of the deed, she reserved the use and occupation of the land during her life; that since October 3, 1934, Mead had collected rents in the amount of $2000, and that she was entitled to an accounting for the rents thus collected and, also, to the use and occupation of the land and the income therefrom for the remainder of her life. In the second alternative, plaintiff alleged that the deed was void on account of a conflict in its language and that, in consequence, no title passed to Mead and that she was entitled to have the deed removed as a cloud upon her title. Plaintiff made her first request in open court, on December 31, 1942, after this litigation was instituted, that the grantee in the deed, or his successors or devisees, furnish her support. By his answer to the second amended complaint, defendant denied its material allegations and, in particular, disclaimed any duty or obligation to furnish support to plaintiff, except and unless she be in need, or has no other estate, and averred that plaintiff owned a large estate in her own right and was not in need of any support. Answering further, defendant expressed his readiness and willingness, in the event the court should decide plaintiff had the right, under the deed, to request support from him, to provide support for her in his home in accordance with his standard of living and ability. Defendant averred that by virtue of the deed a fee-simple title was granted to Mead, subject to the obligation specified, and that this title was now vested in him, conformably to Mead's will. Other averments were that plaintiff, having voluntarily relinquished the use and occupation of the land, in favor of Mead, and permitted him to occupy and use the land, collect and use the rents derived therefrom, had waived her right to an accounting. Defendant denied that the deed was void.

The chancellor adjudged that the deed conveyed a fee-simple title in the tract of thirty-five acres to Mead, subject, however, to the reservation of the use and occupation of the land by plaintiff during her lifetime, and to the obligation that "A part of the consideration of this deed is that the grantee, shall if and when requested by the grantor furnish her support, and pay her funeral expenses, if she leaves no other estate." Pursuant to a stipulation of the parties, the chancellor reserved the questions of the character and amount of support for future consideration and decision. Accordingly, the decree adjudged that the relief sought by plaintiff in her second amended complaint be denied. Plaintiff prosecutes a direct appeal, a freehold being necessarily involved.

Plaintiff contends that the granting clause of the deed is unambiguous and does not require construction; that it limits the grant to a life estate *pur autre vie,* namely, for the natural life of the grantor, and that the remainder of the sentence "she reserving the use and occupation of the land during her the grantor's life," must be considered and construed to mean the same as the succeeding language, "A part of the consideration of this deed is that the grantee, shall if and when requested by the grantor furnish her support, and pay her funeral expenses, if she leaves no other estate." To sustain the decree in his favor, defendant maintains that the punctuation employed in the deed should be ignored and, particularly, the comma in the granting clause should be eliminated so that it reads "for and during the natural life of the grantor she reserving the use and occupation of the land during her the grantor's life." His contention is, in short, that the deed, so reformed, conveyed a fee-simple estate to William Mead, reserving, however, to plaintiff a life estate. The precise issue thus made is the determination of whether plaintiff conveyed the fee to Mead reserving a life estate to herself

or, instead, reserved the fee, conveying to Mead an estate for her life.

The primary purpose in construing a deed is to ascertain and give effect to the intention of the parties from a construction of the instrument in controversy. A deed speaks for itself, and its construction is dependent upon the language used. (*Higinbotham* v. *Blair,* 308 Ill. 568.) Since it cannot be presumed that words or terms in a conveyance were used without a meaning, or having some effect accorded them, a construction will be adopted, if not in contravention of some positive rule of law, giving effect to the instrument and to each word and term employed, rejecting none as meaningless, repugnant or surplusage. (*Tallman* v. *Eastern Illinois and Peoria Railroad Co.* 379 Ill. 441; *Rhomberg* v. *Texas Co.* 379 Ill. 430.) In order to understand the language in the sense intended by the parties, the court will consider the facts they had in mind, including their situation, the state of the property, and the objects to be attained. (*Magnolia Petroleum Co.* v. *West,* 374 Ill. 516.) Where the deed contains ambiguous language, a reasonable interpretation by the parties, themselves, found in their contemporaneous or subsequent acts and declarations, will generally be adopted. (*Williams* v. *Swango,* 365 Ill. 549.) Again, where there are two irreconcilably repugnant clauses in a deed the first of the two clauses will control. *Hartwick* v. *Heberling,* 364 Ill. 523.

These rules apply to deeds in the form prescribed by section 9 of the Conveyances Act. (*Bear* v. *Millikin Trust Co.* 336 Ill. 366.) Section 9, so far as material, provides that a deed in statutory form, using the words "conveys and warrants" without words of inheritance, shall be deemed a conveyance in fee simple, with covenants of seisin, against encumbrances and of warranty. (Ill. Rev. Stat. 1943, chap. 30, par. 8.) Section 13 ordains that every estate in lands so conveyed, namely, without words of inheritance, shall be deemed a fee-simple estate of in-

heritance, if a less estate be not limited by express words or does not appear to have been granted, conveyed or devised by construction or operation of law. Where words of inheritance are wanting, as here, the entire context of an instrument may be considered, and every word used, wherever found, should be given weight in determining the estate granted. In particular, if a less estate is limited by express words or appears to have been granted by construction or operation of law, the deed does not convey a fee-simple estate. (*Woods* v. *Seymour,* 350 Ill. 493; *Bear* v. *Millikin Trust Co.* 336 Ill. 366; *Patterson* v. *McCay,* 313 Ill. 491; *Radebaugh* v. *Radebaugh,* 266 Ill. 199; *Buck* v. *Garber,* 261 Ill. 378; *Stoller* v. *Doyle,* 257 Ill. 369.) Repugnant provisions in a deed are to be construed together and reconciled, if possible, but no construction of a provision will be adopted which holds it repugnant to the grant, and therefore void, so as to defeat the manifest intent of the parties. *Bear* v. *Millikin Trust Co.* 336 Ill. 366.

In the light of the established principles controlling the construction of the deed of October 3, 1934, it is manifest that plaintiff intended to convey the property to her cousin for and during her lifetime, only, reserving to herself merely the right to request support if she so elected. The first words of limitation in the granting clause "for and during the natural life of the grantor" are words conveying and creating an estate *pur autre vie,* namely, for the life of Janie Law. The language immediately following "she reserving the use and occupation of the land during her the grantor's life" cannot be isolated and separated from the next sentence which reads, "A part of the consideration of this deed is that the grantee, shall if and when requested by the grantor furnish her support, and pay her funeral expenses, if she leaves no other estate." Recourse to the facts and circumstances attending the execution of the deed and its construction by the parties for a period of

over seven years thereafter fortifies our conclusion that plaintiff, retaining title, gave Mead the beneficial use of the property during her lifetime and that her primary concern for herself during Mead's lifetime was the reservation of the right to request support if she should, at some later date, require it. Mead, with plaintiff's acquiescence, took possession of the land and enjoyed the income therefrom as long as he lived. Admittedly, plaintiff received no income from the farm during Mead's lifetime. She was undoubtedly desirous of aiding her cousin by permitting him to so use the land during her lifetime. At the same time, in order to afford a degree of security to herself in the event her income became impaired or her estate proved insufficient to pay her funeral expenses, she subjected the estate granted to Mead to the obligation to furnish her support, if and when requested, and to pay her funeral expenses if she left no other estate. The plain meaning of the deed and its practical construction by the parties must be effectuated.

On the other hand, if the words, standing alone, "she reserving the use and occupation of the land during her the grantor's life," be construed as irreconcilably inconsistent with the language immediately preceding, which grants to Mead a life estate for and during the life of plaintiff, the subsequent language may be disregarded. The repugnant words would simply yield to the clause conveying the life estate to Mead.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*