GENEVIEVE B. JONES, Plaintiff-Appellee, *v.* VESTA JOHNSON *et al.,*
Defendants-Appellants.

(No. 73-174;

Fifth District—January 23, 1974.

Boswell & Ferguson, of Harrisburg, for appellants.

Charles W. Phillips, of Ridgway, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Saline County in favor of the plaintiff in an action brought to quiet title arising from conflicting interpretations placed on the legal effect of a warranty deed as between the grantee-plaintiff and grantor-defendants. Defendants Johnson allege that the warranty deed reserved to them a one-half interest in and to the oil and gas estate, and a fee interest in all other minerals located on, in or beneath the surface estate. Defendant Kerr-McGee Corporation claims these rights by virtue of a purported mining lease executed to them by defendants Johnson in 1971. The plaintiff claims title to a fee interest in the surface and the mineral estate, with the exception of a one-half interest in oil and gas reserved to the defendants, by virtue of the same warranty deed, granted to her and her husband (now deceased) by defendants Johnson in 1946.

At trial the parties stipulated that the only evidence admissible in this cause would be the deed upon which the interests rest and the death certificate of plaintiff's husband. They further agreed that no competent testimony could be offered in this case and that a determination of the rights of the parties must rest upon a construction of the warranty deed. Therefore, the only question before this court is whether or not the trial court was correct in its construction of the deed in question.

The deed, dated March 25, 1946, recites that the "Grantor, Vesta Johnson and her husband, B. F. Johnson, * * * convey and warrant to Glen O. Jones and Genevieve B. Jones his wife, as Joint Tenants and not as Tenants in Common, with the full rights of survivorship, * * * the following described real estate to wit:

> The South East Quarter of the South East Quarter, and the East Half (½) of the South West Quarter of the South East Quarter all in Section Five (5), and the South West Quarter of the South West Quarter in Section Four (4) all of the Above lands Being in Township Eight (8) South Range Six (6) East of the Third Principal Meridian and Containing One Hundred (100) acres more

or less. Subject to an Easement for a Roadway or passageway Twenty (20) Feet wide along the North Side of Said Lands.

Reserving unto the Grantors the undivided One Half Interest in and to all of the Oil, Gas, in and under and that may be produced from the above described lands, together with the right of ingress and egress at all times for the purpose of Mining, Drilling, Exploring, operating and developing said lands for oil, gas, and storing, handling, transporting, and marketing the same therefrom. It is the intention of the Grantors to convey the Undivided One Half Interest in and to all of the Oil, and Gas, that may be produced from the above described lands, also the Surface of the above described lands."

Since the parties have already agreed that a determination of the interests of each is to be governed by a construction of the warranty deed, we are bound to consider and apply only the general rules of construction and interpretation of deeds in our disposition of this case. According to Ill. Rev. Stat. 1971, ch. 30, par. 8, deeds for the conveyance of land may be substantially in the form used by the parties to this action. The deed in the case at bar contains three parts: the granting and description clause, the reservation clause and the intent clause. There is no dispute as to the legal effect of the granting and description clauses. They merely convey a fee simple estate to the described lands to the plaintiff-grantee and her now deceased husband. The dispute concerns the discrepancy or ambiguity surrounding the effect to be given the reservation and intent clauses.

■■ The defendants rely strongly on the rule that the intention expressed in a deed controls and they contend that the intention expressed in the final clause of the deed should therefore control here. There is ample law to this effect. (See *Patton v. Vining* (1958), 14 Ill.2d 11, 150 N.E.2d 606; and *McReynolds v. Stoats* (1919), 288 Ill. 22, 122 N.E.2d 860.) However, the plaintiff correctly points out that the primary purpose of construction of a deed is to ascertain the intention of the parties, which is to be determined and gathered from the instrument as a *whole*, giving effect to every word and rejecting none as meaningless or repugnant, if it can be done without violating any positive rule of law. (*Watts v. Frits* (1963), 29 Ill.2d 517, 194 N.E.2d 276; *Simons v. Work of God Corp.* (1962), 36 Ill.App.2d 199, 183 N.E.2d 729; *Miller v. Ridgley* (1954), 2 Ill.2d 223, 117 N.E.2d 759.) Therefore, we must look to the deed as a whole in discovering what the parties intended, and not to the intention clause alone.

■■■ In Illinois, a landowner is entitled to the surface and all that is below it, and when he makes a deed that contains no reservation and

does not limit the estate conveyed, he conveys everything under the surface as well as on the surface. However, an owner of land also has the right to sever his land into estates, and he may dispose of the mineral estates and retain the surface, or he may dispose of the surface and retain the mineral estate. Oil and gas are minerals, and when a conveyance of lands is made, an owner of land has the right to reserve to himself all oil and gas rights if a provision of the deed so states. (*Miller v. Ridgley, supra.*) In the deed before us, the defendants chose to reserve not all, but only an undivided one-half interest in the oil and gas in and under the lands conveyed, as evidenced by the language in the reservation clause. Thus, it seems the defendants have thereby conveyed to the plaintiff and her deceased husband the surface estate, the mineral estate and an undivided one-half interest in the oil and gas. But in the final clause, the defendants expressed their intention to convey to the plaintiff and her now deceased husband only the surface estate and an undivided one-half interest in the oil and gas, thereby arguably reserving to themselves the mineral estate and the remaining undivided one-half interest in the oil and gas. The crucial question then becomes what effect is to be given this final clause when reading the instrument as a whole.

Excepting the final so-called intention clause, the deed we are construing plainly grants to the plaintiff a fee simple in the surface and the mineral estate, with an undivided one-half interest in the oil and gas reserved to the defendants. The final clause then states that the defendants intended to *convey* the one-half interest in the oil and gas not reserved, along with the surface estate. But the one-half interest not reserved was already conveyed by the granting and description clause, and the purported reservation of the mineral estate contradicts the legal operation of the granting and description clause and is, therefore, repugnant to the grant.

██ Defendants correctly argue that the doctrine of repugnancy, that subsequent words in a conveyance which apparently reduce the estate conveyed by the grant should be disregarded, has no application when the words of the grant are, as in the deed before us, not such as would convey an estate of inheritance at common law. In such cases every word in the conveyance is given weight in construing the instrument and the intention of the grantor is to be ascertained from the wording of the entire deed. *Smith v. Grubb* (1949), 402 Ill. 451, 84 N.E.2d 421.

██ We have followed that rule in construing the deed before us and feel that the trial court was correct in its ruling and should be affirmed. To give effect to the intention clause and sustain the defendants contention would require us to ignore and disregard the legal import of the granting and reservation clauses. Furthermore, it is an estab-

lished rule of construction that where there is ambiguity or a question in construing a deed, the deed should be construed most favorably to the grantee as against the grantor. (*A.S. & W. Club v. Drobnick* (1962), 26 Ill.2d 521, 187 N.E.2d 247; *Allendorf v. Daily* (1955), 6 Ill.2d 577, 129 N.E.2d 673; *Department of Public Works & Buildings v. Klinefelter* (1970), 119 Ill.App.2d 50, 255 N.E.2d 81.) If the defendants had intended to reserve to themselves more than a one-half interest in the oil and gas, they should have expressed their intentions more clearly.

The decision of the trial court is affirmed.

G. MORAN and JONES, JJ., concur.