FLOYD E. GELFIUS *et al.*, Trustees under Trust Agreement dated May 14, 1976, *et al.*, Plaintiffs-Appellants, *v.* KENNETH CHAPMAN *et al.*, Defendants-Appellees.

Fifth District   No. 83—190

Opinion filed September 12, 1983.

Howard & Howard, of Mt. Vernon (G. W. Howard III, of counsel), for

appellants.

Eric L. Terlizzi, of Pfaff, Garner & Terlizzi, of Salem, for appellees.

JUSTICE KARNS delivered the opinion of the court:

The plaintiffs, Floyd E. Gelfius and Laura M. Gelfius, appeal from the judgment of the circuit court of Hamilton County denying their title to all the coal and coal rights underlying an 80-acre tract. The trial court found that the defendants Kenneth Chapman and Pauline Chapman had effectively reserved a one-fourth interest in all minerals in their conveyance of November 6, 1951, to Mark Ferguson and Edna Ferguson.

On November 6, 1951, Kenneth Chapman and Pauline Chapman conveyed title to the 80-acre tract by warranty deed to Edna Ferguson and Mark Ferguson. The deed excepted an undivided one-half interest in the gas and oil reserved by a prior grantor and reserved to the grantors an undivided one-fourth interest in the gas and oil "together with the right of ingress and egress at all times for the purposes of mining, drilling, exploring, operating and developing said land for oil and gas and other minerals ***." On March 8, 1963, Edna Ferguson conveyed her entire interest in the land to Floyd and Laura Gelfius.

The issue is whether the phrase "and other minerals" following the Chapman's reservation of one-fourth interest in the gas and oil enlarged that reservation to include a one-fourth interest in the coal and coal rights.

The Chapmans and those to whom they have attempted to convey mineral rights in the land argue that the phrase "and other minerals" used in describing the rights of access is in effect a reservation of coal rights. The ambiguity arises because the phrase does not directly refer to coal and it follows a specific reservation of gas and oil only.

In *Jones v. Johnson* (1974), 16 Ill. App. 3d 996, 307 N.E.2d 222, this court dealt with a similar ambiguity caused by language following the grantors' reservation of gas and oil rights. In *Jones* the deed reserved "the Undivided One Half Interest in and to all of the Oil, and Gas ***." It then stated the grantors' intention "to convey the undivided one-half interest in and to all of the Oil and Gas *** also the Surface of the above described lands." (16 Ill. App. 3d 996, 998, 307 N.E.2d 222, 224.) The intention clause was read by the grantors as a reservation of the right to all minerals other than gas and oil, thus enlarging their original reservation to include coal.

■■ ■ The court disagreed with the grantors' analysis of the sub-

sequent language. It resolved the ambiguity by applying the rule that a deed must be construed with the primary purpose of determining the intention of the parties. To determine the intention, it is necessary to consider "the instrument as a *whole*, giving effect to every word and rejecting none as meaningless or repugnant, if it can be done without violating any positive rule of law." (16 Ill. App. 3d 996, 998, 307 N.E.2d 222, 224.) The court also followed the rule that a grantor may reserve any and all of the mineral rights when he conveys land, but what is not expressly reserved is conveyed. (*Miller v. Ridgley* (1954), 2 Ill. 2d 223, 117 N.E.2d 759.) In *Jones* the granting clause and reservation of one-half interest in the gas and oil preceded the intention clause. The grant and reservation had effectively conveyed all interests except the specifically named gas and oil rights. The intention clause was not permitted to enlarge the prior reservation because "the purported reservation of the mineral estate contradicts the legal operation of the granting and description clause and is, therefore, repugnant to the grant." *Jones v. Johnson* (1974), 16 Ill. App. 3d 996, 999, 307 N.E.2d 222, 225.

■ The analysis in *Jones* is appropriate to the Chapman deed. Again, ambiguity arises because of language which follows a grant of land subject to the grantors' specific reservation of a gas and oil interest. The general phrase "and other minerals" appearing only as part of a subsequent description of access rights has no power to modify the precedent grant of land and enlarge the specific reservation of one-fourth interest in the gas and oil rights. The inclusiveness of the subsequent descriptive matter suggests that it may have been copied into the deed without attention to its terms. In this case, as in *Jones*, the result is supported by the rule that ambiguities in deeds must be construed in favor of the grantee.

For the foregoing reasons the judgment of the circuit court of Hamilton County is reversed.

Reversed.

HARRISON, P.J., and WELCH, J., concur.