**2017 IL 121668**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 121668)

RAMSEY HERNDON LLC, Appellee, v. LISA WHITESIDE, Appellant.


*Opinion filed November 30, 2017.*


JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Freeman, Thomas, Kilbride, Burke, and Theis concurred in the judgment and opinion.


**OPINION**

¶ 1 Plaintiff Ramsey Herndon LLC sued defendant, Lisa Whiteside (formerly known as Lisa E. Luchtefeld), doing business as Beam Oil Company, for breach of contract and conversion because defendant refused to pay plaintiff royalties arising from an oil and gas lease. The Macon County circuit court granted defendant's motion to dismiss with prejudice under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)), finding that plaintiff failed to state a cause of action. The court determined that plaintiff did not own the claimed

overriding royalty interest but defendant did. The Fourth District affirmed the dismissal of the conversion claim in count II but remanded the case for further proceedings on the breach of contract claim in count I. 2016 IL App (4th) 150853-U, ¶ 1. Defendant appealed. Plaintiff did not challenge the dismissal of the conversion claim in count II, so we address only the claim for breach of contract in count I.

¶ 2        We agree with the circuit court that plaintiff failed to state a cause of action for breach of contract. The instrument of assignment unambiguously transferred all of plaintiff's interest to defendant, so defendant's refusal to pay plaintiff royalties was not a breach. We reverse the appellate court's decision to the contrary and reinstate the circuit court's order dismissing count I of plaintiff's complaint.

¶ 3                                    BACKGROUND

¶ 4                           A. Oil, Gas, and Mineral Market

¶ 5        Some background information on the oil, gas, and mineral market may help clarify the various interests involved. When a landowner discovers that its property has oil, gas, or mineral reserves, often it is not equipped to extract those reserves itself. Instead, the landowner enters into a lease with an operator. The operator purchases the right to occupy the land and extract the oil, gas, or minerals. See *People ex rel. Harris v. Parrish Oil Production, Inc.*, 249 Ill. App. 3d 664, 666 (1993). The operator's interest is called a "working interest," and this interest bears all the expenses associated with extracting the resources. The landowner retains the right to a portion of whatever oil, gas, or minerals the operator extracts. Typically the landowner retains a one-eighth interest in the extracted resources. The landowner's interest is called a "royalty interest." See generally Bruce Kramer, *Royalty Interests in the United States: Not Cut From the Same Cloth*, 29 Tulsa L.J. 449 (Spring/Summer 1994). Once the operator extracts the resources from the land, it compensates the landowner for that portion.

¶ 6        Sometimes the operator will decide that it does not want to conduct business by itself, so it seeks partners. The operator divides its working interest into pieces and leases those pieces to partners. Like in the initial deal with the landowner, the operator can retain a portion of whatever oil, gas, or minerals the partners extract.

This is called an "overriding royalty interest" or an "override." *Id.* at 457. If the partners extract oil, gas, or minerals, they must compensate both the original landowner for its royalty interest and the initial operator for its override.

¶ 7       In the present case, plaintiff was the operator. Plaintiff and its partners conveyed the working interest to defendant. This court must decide whether plaintiff also conveyed its override.

¶ 8                               B. Factual and Procedural History

¶ 9       The circuit court found that plaintiff conveyed its override to defendant, so it granted defendant's motion to dismiss. Whether to grant or deny a motion to dismiss is a question of law that this court reviews *de novo*. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 5. The court accepts all well-pleaded facts as true and construes those facts in the light most favorable to the plaintiff. If the plaintiff can prove no set of facts that would entitle it to recovery, the court should grant the motion to dismiss. *Kanerva v. Weems*, 2014 IL 115811, ¶ 33. If the plaintiff attached exhibits to its complaint, those exhibits are part of the pleadings, and the court may consider them in evaluating the complaint. 735 ILCS 5/2-606 (West 2014); *Ferris, Thompson & Zweig, Ltd.*, 2017 IL 121297, ¶ 6.

¶ 10      Plaintiff alleged the following: In 2007, plaintiff entered into an agreement with Eleanor and Norman Jordan (lessors) whereby plaintiff acquired the right to develop oil and gas reserves on 220 acres of the lessors' property in Macon County, Illinois. Plaintiff's interest here is the working interest. Plaintiff also promised to pay the lessors a royalty for oil and gas produced on the land. After this first conveyance, plaintiff owned a working interest, and the lessors owned a royalty interest.

¶ 11      Later that year, plaintiff assigned 75% of its working interest to Headington Oil, Limited Partnership, Focus Energy LLC, and Bayswater Exploration & Production, LLC (collectively, third parties). Plaintiff reserved its own royalty in the interest it conveyed to the third parties. This is an "override." Plaintiff owned the override and the remaining 25% of the working interest, subject to the lessors' royalty interest. The third parties owned 75% of the working interest, subject to the

lessors' royalty interest and plaintiff's override. The lessors retained their royalty interest.

¶ 12    Two years later, plaintiff, the third parties, and defendant entered into the agreement that is the subject of this lawsuit. Plaintiff and the third parties each assigned to defendant "all of [their] right, title and interest in and to the oil, gas and mineral leases *** together with a like interest in and to all personal property located therein." Paragraph six of the agreement also provided that defendant agrees "to assume, be bound by and subject to each Assignor's express and implied covenants, rights, obligations and liabilities" and that defendant's interest "shall bear its proportionate share of royalty interests, *overriding royalty interests* and other payments out of or measured by production from and after the Effective Time." (Emphasis added.)

¶ 13    Plaintiff sued when it learned that defendant had extracted oil from the property. At the circuit court, plaintiff claimed that paragraph six required defendant to pay plaintiff on the overriding royalty interest. Defendant claimed that plaintiff transferred that interest to defendant, so she had no obligation to pay plaintiff. The circuit court dismissed the action, finding that plaintiff conveyed *all* of its interest to defendant. The override was a part of plaintiff's interest, so plaintiff conveyed it. Since defendant owned the override, she had no obligation to pay plaintiff. Plaintiff appealed.

¶ 14    The appellate court issued a first order reversing the dismissal of plaintiff's claim for breach of contract. After defendant filed a petition for rehearing, the court issued a new order that also reversed the dismissal. 2016 IL App (4th) 150853-U. In this second order, the court interpreted paragraph six to create an exception to the general grant of all of plaintiff's rights. Because paragraph six says that defendant's interest shall " 'bear its proportionate share of *** overriding royalty interests,' " there must be some overriding royalty interest for defendant to pay. *Id.* ¶ 68. According to the appellate majority, plaintiff must still own the override. Defendant's reading would produce the absurd result that the instrument transferred both the duty to pay the overriding royalties and the right to those payments. Also, under defendant's interpretation, defendant would "assume" the right to the override. The majority reasoned that "assume" generally does not apply to rights, only to duties or obligations. *Id.* ¶¶ 68, 70, 71.

¶ 15      Justice Pope dissented. *Id.* ¶ 79. She found that by the plain language of the instrument, plaintiff conveyed *all* of its interest, including the override. *Id.* ¶ 86. If plaintiff is correct that paragraph six transferred to defendant an obligation to pay plaintiff, then that same paragraph transferred a right to receive those payments as well. *Id.* ¶ 88.[1] Defendant petitioned for leave to appeal, and we allowed the petition. Ill. S. Ct. R. 315 (eff. Mar. 15, 2016).

¶ 16                                    ANALYSIS

¶ 17      This case requires the court to interpret the instrument of conveyance. However, the parties contest both the nature of this instrument and the rules for construing it. Plaintiff insists that the instrument is a contract and that the normal rules of contract interpretation apply. Defendant responds that the instrument is a deed and the rules for interpreting deeds apply. According to defendant, one such rule is that courts interpret deeds in favor of the grantee (defendant) and against the grantor (plaintiff). Similarly, the parties disagree as to whether the override is an interest in real property or personal property.

¶ 18      Because the language of the instrument is unambiguous, this court need not categorize it as either a contract or a deed. Whether the instrument is a contract conveying personal property or a deed conveying real estate, additional interpretive tools are unnecessary when the text is clear. In both contexts, the court ascertains the intent of the parties based on the language of the instrument. Compare *Matthews v. Chicago Transit Authority*, 2016 IL 117638, ¶ 77 (stating that "[w]here no ambiguity exists, the intent of the parties at the time the contract was entered into must be ascertained from the language of the contract itself"), and *Thompson v. Gordon*, 241 Ill. 2d 428, 441 (2011) (acknowledging that when "the words in the contract are clear and unambiguous, they must be given their plain, ordinary and popular meaning"), with *Jones v. Johnson*, 16 Ill. App. 3d 996, 998 (1974) (citing *Watt v. Fritz*, 29 Ill. 2d 517, 521 (1963) (noting that the "primary purpose of the construction of a deed is to ascertain the intention of the parties,

---

[1] The unpublished order mistakenly marks the eighty-eighth paragraph as being the seventy-seventh. See 2016 IL App (4th) 150853, ¶¶ 87-88.

which is gathered by giving effect to every word and rejecting none if it can be done without violating any positive rule of law")).

¶ 19   Although classifying this instrument as either a contract or deed is not necessary to resolve this case, various features of this instrument indicate that it is a deed conveying an interest in real estate. The instrument was recorded, which typically occurs with a deed. See, *e.g.*, *In re Application of the Cook County Treasurer*, 185 Ill. 2d 428, 433 (1998) (commenting that recording a deed is not necessary to effectuate the conveyance, but failure to record may affect the grantee's rights in relation to other parties who seek an interest in the property). Additionally, defendant grantee never signed the instrument. Only plaintiff and the other grantors signed it. This is consistent with the Conveyances Act, which requires that a written instrument transferring real property be signed by the conveying party. 765 ILCS 5/1 (West 2014); *cf. Western Metals Co. v. Hartman Ingot Metal Co.*, 303 Ill. 479, 483 (1922) (noting that a *contract* may be constructed from multiple papers and still satisfy the Statute of Frauds (Ill. Rev. Stat. 1921, ch. 121½, § 4 (Smith 1922)), even "though only one of the writings may be signed *by the party to be charged*" (emphasis added)); *Lipkin v. Koren*, 392 Ill. 400, 406 (1946). Recording and signatures by only the grantors are more consistent with the instrument being a deed conveying real estate than a contract conveying personal property.

¶ 20   Regardless of the exact characterization of the instrument, plaintiff unambiguously conveyed all of its interest in the subject property to defendant. Because the override is an interest in the property, plaintiff conveyed the override to defendant.

¶ 21   The granting clause of the instrument states this clearly. Paragraph one says that plaintiff and the third parties

> "CONVEY unto [defendant] *** all of [their] right, title and interest in and to the oil, gas and mineral leases described on Exhibit 'A' attached hereto together with a like interest in and to all personal property located therein or thereon or used or obtained in connection therewith."

Whether the override is an interest in personal or real property, it falls within this general grant of "all" of plaintiff's interest. Unless some other provision of the

instrument provides otherwise, plaintiff conveyed the override through this general grant.

¶ 22    The next four paragraphs contain no such exception or reservation. In paragraph two, plaintiff disclaims any warranties and liabilities for statutory violations. Plaintiff conveyed its interest "as is." In paragraph three, defendant assumes responsibility for all wells located on the subject property. Under paragraph four, defendant agrees to indemnify plaintiff for any claims that result from defendant's activities on the premises. Paragraph five notes that plaintiff owns all oil produced before the effective date of the assignment and defendant owns all oil produced after the effective date.

¶ 23    However, the appellate majority agreed with plaintiff's argument that paragraph six excepts the override from the general grant of all of plaintiff's interest. Paragraph six states:

> "ASSIGNEE does hereby agree to assume, be bound by and subject to each ASSIGNOR'S express and implied covenants, rights, obligations and liabilities with respect to the Oil and Gas Properties, and ASSIGNEE'S interest in the Oil and Gas Properties shall bear its proportionate share of royalty interests, overriding royalty interests and other payments out of or measured by production from and after the Effective Time."

The appellate majority focused on the phrase that subjects defendant's interest to " 'its proportionate share of *** overriding royalty interests,' " reasoning that it would be absurd to read this phrase to give defendant an obligation to pay the override that defendant owns. 2016 IL App (4th) 150853-U, ¶ 68. Ignoring the "overriding royalty interests" in that clause would render that phrase surplusage. So, plaintiff must still own the override. *Id.* ¶ 71.

¶ 24    The appellate majority erred when it refused to read the instrument as conveying both the right to the override and the duty to pay the override. Because the general grant conveyed all of the grantors' interests in the subject property, defendant received both the third parties' obligation to pay the override and plaintiff's right to those payments. This interpretation is consistent with the principle that courts read either a contract or a deed as a whole. *Thompson*, 241 Ill. 2d at 441; *Watt*, 29 Ill. 2d 517; *Jones*, 16 Ill. App. 3d at 998.

¶ 25 Defendant's reading also does not render the phrase "overriding royalty interests" surplusage. The override still exists. Plaintiff conveyed it to defendant. Theoretically, defendant still must pay the owner of that interest the overriding royalties. However, since defendant owns the override herself, this is not strictly necessary.

¶ 26 Paragraph six itself supports defendant's interpretation. Under this paragraph, defendant "agree[d] to assume *** each ASSIGNOR'S *** rights." Before the conveyance, plaintiff had a right to the override. Defendant assumed that right. Even apart from the sweeping language of the first paragraph's general grant, paragraph six conveys to defendant all of plaintiff's rights to the subject property.

¶ 27 The appellate court majority acknowledged that the grammar of paragraph six suggests that plaintiff conveyed to defendant the right to the override. The majority said, however, that the word "assume" cannot take "rights" as a direct object. Defendant can assume an obligation or duty but not a right. 2016 IL App (4th) 150853-U, ¶ 70. Instead, the court separated the verbs and objects in paragraph six. Defendant agreed to " 'assume *** each ASSIGNOR's express and implied covenants, *** obligations[,] and liabilities' " and to " 'be subject to' their 'rights.' " *Id.* at ¶ 70-71.

¶ 28 Rearranging the words of paragraph six in this manner does not give effect to the plain meaning of the text. Webster's Third New International Dictionary defines "assume" as "to take as one's right or possession." Webster's Third New International Dictionary 133 (1993). In paragraph six, "rights" follows "assume" as a direct object. As the appellate majority conceded, under the plain language of paragraph six, defendant assumed plaintiff's right to the override.

¶ 29 Even if paragraph six said that the assignors possessed some rights to which defendant's interest was subject, it still would not say what those rights were. Changing paragraph six would not reduce the general grant in paragraph one, which says that plaintiff conveyed to defendant "all" its interest. Defendant would be subject to plaintiff's rights and would bear its proportionate share of any overrides. Nevertheless, plaintiff would have no rights. The instrument still would not say that plaintiff had a right to or reserved the override.

¶ 30    The differences between this case and *Jones*, 16 Ill. App. 3d 996, are instructive. In *Jones*, the granting clause of a deed conveyed an interest in real estate. A reservation clause explicitly reserved to the grantors a one-half interest in the oil and gas estates. Neither clause mentioned an interest in the *mineral* estate explicitly (as distinguished from the oil and gas estates), so the grantors would have conveyed it as a part of the general grant. *Id.* at 999. However, the deed also included an intent clause, which stated that the grantors intended to convey only the surface and a one-half interest in " 'the Oil, and Gas.' " *Id.* at 998. The intent clause ignored the interest in the mineral estate, suggesting that the grantors did not intend to convey it. Nevertheless, the court interpreted the deed to convey the mineral estate as well because a contrary interpretation would disregard the general grant clause and because deeds should be construed in favor of the grantee. The grantors retained a one-half interest in only the oil and gas estates. *Id.* at 999-1000.

¶ 31    The instrument here contains nothing like the reservation clause in *Jones*. The *Jones* deed explicitly said that the grantors reserved a one-half interest in the oil and gas estates. Here, the conveyance of "all" the grantors' interest is unmodified. Further, in contrast to the ambiguity surrounding the *Jones* mineral estate, the instrument here is unambiguous, so this court need not resort to the principle of interpreting a deed in favor of the grantee. This instrument says in paragraph one that "plaintiff conveys its entire interest." Paragraph six says "defendant takes plaintiff's entire interest." Those provisions are entirely consistent, and the court does not need to rewrite them or apply additional rules of construction to reconcile them.

¶ 32    The appellate majority also rejected defendant's arguments based on *Nave v. Bailey*, 329 Ill. 235 (1928), *Law v. Kane*, 384 Ill. 591 (1943), and *Gelfius v. Chapman*, 118 Ill. App. 3d 290 (1983). As in *Jones*, the courts in *Nave* and *Law* sought to avoid interpretations of the deeds that were internally inconsistent. In *Gelfius*, the grantors reserved an interest in *oil and gas* plus a right of entry to drill " 'for oil and gas *and other minerals*.' " (Emphasis added.) *Gelfius*, 118 Ill. App. 3d at 291; 2016 IL App (4th) 150853-U, ¶ 64. Although the deed explicitly reserved the right only to oil and gas, the grantors claimed that this right of entry for other minerals meant that the grantors also reserved an interest in coal. The appellate court rejected this, finding that the grantors conveyed their interest in the mineral estate. The *Nave*, *Law*, and *Gelfius* courts avoided ambiguity in part by invoking

canons like the doctrine of repugnancy or interpretation in favor of the grantee. *Nave*, 329 Ill. at 240; *Law*, 384 Ill. at 598; *Gelfius*, 118 Ill. App. 3d at 292; 2016 IL App (4th) 150853-U, ¶¶ 43, 52, 67.

¶ 33　　　　The instrument here has no inconsistency or ambiguity that needs clarification. Plaintiff conveyed "all" its interest in the subject property. Since the override is such an interest, defendant owns it unless another provision in the text says otherwise. Plaintiff points to a phrase five paragraphs away from the general grant that still says that defendant assumes all of plaintiff's rights to the property. Since nothing in the instrument reduces the general grant of "all" of plaintiff's interest, defendant owns the override, and plaintiff's claim for breach of contract fails.

¶ 34　　　　　　　　　　　　　　　　CONCLUSION

¶ 35　　　　For the foregoing reasons, we reverse the judgment of the appellate court and reinstate the circuit court's order granting the defendant's motion to dismiss.

¶ 36　　　　Appellate court judgment reversed.

¶ 37　　　　Circuit court judgment affirmed.