JEREMIAH B. COTTINGHAM

*v.*

SAMUEL E. PARR.

| 93 | 233 |
|---|---|
| 146 | 566 |

| 93 | 233 |
|---|---|
| 156 | 295 |
| 46a | 129 |

| 93 | 233 |
|---|---|
| 183 | 589 |

| 93 | 233 |
|---|---|
| 183 | 589 |

| 93 | 233 |
|---|---|
| 200 | [2] 95 |

| [i] 93 | 233 |
|---|---|
| 105a | [1]140 |

1. BOUNDARIES—*of the rule for ascertaining them.* Where the description of land in a deed is equivocal the deed must be construed most strongly against the grantor.

2. Where land is described in a deed by monuments and quantity, and upon a survey they are not harmonious, the quantity must yield to the monuments. Quantity is the least reliable in the indicia by which boundaries are to be ascertained. It yields to course and distance, and course and distance yield to monuments.

3. Where the owner of the east half of the east half of a section of land, there being a hedge fence running east and west through the tract a little

south of the line between the north-east and south-east quarters, conveyed the east half of the north-east quarter, and one-half acre off the north end of the south-east quarter, and the half of the hedge which the deed declared to be the line between the part conveyed and the balance of the east half of the south-east quarter, and on survey it was found that by taking one-half acre off the last named quarter, there was still left about one-third of an acre north of the hedge, it was *held*, that the deed conveyed all the land north of the hedge, including half the hedge.

APPEAL from the Circuit Court of Peoria county; the Hon. D. McCULLOCH, Judge, presiding.

On the 16th of March, 1869, John F. Cottingham was the owner in fee of the east half of the east half of section 20, in township 8 north of range 6 east of the 4th principal meridian, being the east half of the north-east quarter of said section, and the east half of the south-east quarter of the same section. The land was all inclosed with fences, and there was a hedge, of many years standing, running across the land from east to west, about twenty-nine feet south of the line between the two quarters of the section, which hedge formed the south boundary of one of the inclosures.

In that condition John F. Cottingham conveyed to James H. Patterson, by deed of that date, the east half of the north-east quarter of said section; "also, half ($\frac{1}{2}$) acre on the north end of the east half of the south-east quarter of the same section, the half of hedge on the west end on the line between the half acre and the balance of the east half of the south-east quarter;" and Patterson at once took actual possession under his deed, and on February 8, 1871, this deed was duly filed for record.

On the 29th of January, 1870, John F. Cottingham conveyed to Zachariah Rice, by deed of that date, (which was filed for record on the 20th of February, 1871,) "all of the east half of the south-east quarter" of the same section, "except one-half acre of land off of the north end of the said east half of said south-east quarter; and also except five acres of land out of the south-west corner of said east half

of said south-east quarter, said half acre of land and said five acres so excepted having been heretofore sold to other parties by the said party of the first part, leaving seventy-four and one-half acres of land hereby conveyed, more or less."

On the 11th of October, 1873, Rice conveyed to Jeremiah B. Cottingham the same land described in his own deed from John F. Cottingham, and by the same description.

On the 14th of September, 1874, Patterson conveyed to Samuel E. Parr the land described in his deed from John F. Cottingham, and by the same description.

Jeremiah B. Cottingham being in possession of the land south of the hedge, and Parr being in possession of the east half of the north-east quarter of this section, and of all of the east half of the south-east quarter lying north of the hedge, it was ascertained, by actual survey, that that part of the east half of the south-east quarter of the section lying north of the centre line of the hedge, contained in fact about one-third of an acre more than half an acre; and that after laying off half an acre from the north end of that half quarter, a strip was left south of the half acre and north of the centre of the hedge, about twelve feet and six inches wide, making a little more than one-third of an acre.

This is ejectment brought by Jeremiah B. Cottingham against Parr, for that strip of land.

The judgment of the circuit court was for the defendant, and plaintiff appeals.

Messrs. STEVENS, LEE & GALLAGHER, for the appellant.

Mr. H. W. WELLS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The majority of the court are of opinion that the judgment of the circuit court is right. The case turns on the construction of the deed of John F. Cottingham to Patterson, made on the 16th day of March, 1869. If the land in dispute passed to Patterson by that deed the defendant must prevail.

That deed was made before the deed to Rice, and was recorded before the deed to Rice was recorded, and when Rice's deed was made Patterson was in actual open possession under his deed. The case then stands as it would stand had John F. Cottingham never made any conveyance except that to Patterson, and were he the plaintiff in this action.

The description in his deed to Patterson says expressly that the line between that part of the east half of the south-east quarter which he conveys and the balance *is the hedge.* It is true he calls it "half (½) acre." This may, under the description, be equivocal; but the rule is, that a deed must be construed most strongly against the grantor. It is also a rule that where land is described in a deed by monuments and quantity, and upon a survey they are not harmonious, the quantity must yield to the monuments. In fact, of all the indicia by which the boundaries of land are to be ascertained that of quantity is held perhaps the least reliable. Quantity yields to course and distance, course and distance to monuments.

The judgment must be affirmed.

*Judgment affirmed.*