Cammie Seeders et al.

v.

Martha J. Shaw.

Opinion filed December 16, 1902.

Deeds—effect where deed contains two complete but conflicting descriptions. If a deed contains two complete descriptions, one describing the land conveyed by quantity and the other by metes and bounds, the description by metes and bounds will control in case of conflict.

Writ of Error to the Circuit Court of Crawford county; the Hon. E. E. Newlin, Judge, presiding.

Callahan, Jones & Lowe, for plaintiffs in error.

Bradbury & McHatton, Maxwell & Jones, and James A. Pritchard, for defendant in error.

Mr. Justice Hand delivered the opinion of the court:

This is a bill in chancery filed by James B. Seeders, against the defendant in error, in the circuit court of Crawford county, for the partition of thirty-six acres of land situated in that county, and described as follows, to-wit: Commencing at a point on the half-section line thirty-seven rods south of the north-west corner of lot 2 in the east half of fractional section 13, in township 7, north, range 11, west; thence east to the Wabash river; thence down the meanderings of said river to a point seventy-three rods due south of the north line of said lot 2; thence west to the west side of said lot, and thence north to the place of beginning. The defendant in error filed a cross-bill, and upon a hearing a decree was entered dismissing the original and cross-bills for want of equity, and the complainant in the original bill having died intestate subsequent to the entry of the decree, the plaintiffs in error, as heirs-at-law of said James B. Seeders, deceased, have sued out this writ of error, and have as-

signed as error the action of the court in dismissing said original bill.

The defendant in error claimed to be the owner of the premises sought to be partitioned, in fee simple. The court found from the pleadings and proofs that one Wickliff Kitchell, on the 23d day of April, 1849, conveyed to William Delapp eighteen and one-half chains in width off the north end of said lot 2, and that the same had been conveyed, by regular chain of title, to the defendant in error; that she is the owner of the north seventy-three rods of said lot 2, which includes the premises described in the original bill, and that the complainant in the original bill had no interest therein.

It was admitted upon the trial that Wickliff Kitchell was originally the owner of all of said lot 2, and the evidence showed that the defendant in error had been in possession of the north seventy-three rods of said lot 2 for many years. The controlling question in the case is, did the title to the south thirty-six rods of the north seventy-three rods of said lot 2 pass from Kitchell to Delapp, and from Delapp, by a continuous chain of title, to the defendant in error, under the following description contained in the deeds found in the chain of title from Kitchell to the defendant in error, viz.: "Thirty-six acres off the north end of lot No. 2 of section No. 13, in township No. 7, north of range No. 11 west, being of eighteen chains and one-half width across the north end of said lot No. 2, by line running west from the Wabash river, situated at and in the county of Crawford, and State of Illinois,"—it being the contention of plaintiffs in error that said description does not cover the south thirty-six rods of the north seventy-three rods of said lot 2, and that of defendant in error that it does.

From an examination of said deeds it will be seen that each contains two clear, distinct and unambiguous descriptions of the premises sought to be conveyed, the one by quantity,—"thirty-six acres off the north end of lot

No. 2,"—and the other by metes and bounds,—"eighteen chains and one-half width across the north end of said lot No. 2,"—the first of which excludes and the second of which includes the premises sought to be partitioned. If the first description controls, then the defendant in error is not the owner of the premises sought to be partitioned and the decree should be reversed, while if the second controls she is the owner and the decree should be affirmed.

The law is well settled that where a deed contains two descriptions, each of which is in itself complete, one describing the land conveyed by quantity and the other by metes and bounds, in case of conflict the description by metes and bounds will control and that by quantity will be rejected. Mr. Martindale, in his work on Conveyancing, (2d ed. p. 98,) says: "The quantity of land mentioned in a deed as being the number of acres conveyed must yield to the boundaries contained in the description, and if inconsistent with the actual area of the premises as thus ascertained it will be rejected." In *Cottingham* v. *Parr*, 93 Ill. 233, on page 236 the court say: "It is also a rule that where land is described in a deed by monuments and quantity, and upon a survey they are not harmonious, the quantity must yield to the monuments. In fact, of all the indicia by which the boundaries of land are to be ascertained, that of quantity is held perhaps the least reliable. Quantity yields to course and distance, course and distance to monuments." In *Henderson* v. *Hatterman*, 146 Ill. 555, on page 566 it is said: "It is well settled that monuments control courses and distances, and the courses and distances control the quantity of land." It seems clear, therefore, that the last description contained in the deeds must control, the effect of which is to hold that the defendant in error is the owner of the premises sought to be partitioned.

We think the circuit court ruled correctly. Its decree will therefore be affirmed.        *Decree affirmed.*