(No. 29502.—

CECELIA BRANSTETTER *et al.,* Appellees, *vs.* CALVIN H. DAHNCKE *et al.,* Appellants.

*Opinion filed May 21, 1946.*

HAROLD J. TAYLOR, of Effingham, for appellants.

M. C. McCALLEN, and PARKER, BAUER & PARKER, both of Effingham, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the defendants below from a judgment of the circuit court of Effingham county in favor of the plaintiffs in an ejectment suit.

The appellants, prior to the transactions in question here, originally owned all of lot 1 in block 35 of Surveyor's Addition "B" to Effingham, Illinois, except two strips off the north side of lot 1, which are not material to the issues of this case. South Second street, which runs north and south, is the west boundary of lot 1. The south boundary of lot 1 is a line perpendicular to South Second street and running 360 feet east to the east line. The east line runs north and south, parallel to and 360 feet east of the east line of South Second street. The north line of the lot is a diagonal northeast and southwest line, which parallels the right of way of the Pennsylvania Railroad Company. Lots 2, 3 and 4 of block 35 lie immediately adjacent to the south and are each rectangular strips 107 feet north and south and 360 feet east and west.

On March 1, 1937, appellants conveyed by warranty deed to Howard Mumbower and Gladys Mumbower a portion of lot 1, described as follows: "One (1) acre off the south side of Lot One (1) in Block Thirty-five (35) in Surveyor's Addition "B" to the City of Effingham, being a tract of land 107 feet frontage on South Second Street and running east and west 360 feet deep, more or less."

Using identical language, the Mumbowers on November 3, 1944, conveyed the above tract to the appellees, who thereupon moved into the dwelling house on the premises. The appellants owned and occupied the balance of lot 1 to the north. The land between the appellees' dwelling house and garage and the appellants' dwelling house, which is located on the north end of lot 1, is vacant. At the time the appellees took possession, there was no fence at the north end of appellees' property. Subsequently, appellees deciding to erect a fence, a surveyor was called who measured off 107 feet north and south, both on the South Second street, or west, side, and also on the east side. Appellee S. P. Branstetter, after only digging two post holes, calculated, or had calculated for him, the dimensions and shape of a tract of land that would contain one acre of ground, with the dimension of 360 feet on the south and 107 feet on the west, and found that it would require 135 feet on the east side of the lot and a diagonal line 361.3 feet running from a point 135 feet north of the southeast corner of lot 1 to the northwest corner of the lot to equal one full acre.

Branstetter thereupon moved his starting point on the east line 28 feet north and started his fence running diagonally toward the northwest corner. Appellants objected to this new fence line and erected a fence approximately along the line 107 feet north of the south line of lot 1. The following is a plat of block 35, which shows the area claimed by appellants to have been conveyed under the name "Branstetter," and the shaded area which is in dispute.

The sole question for decision in this case is whether, under the deed, the Branstetters received a tract of land equal to a full acre, which would make the north line of the lot a diagonal one 361.3 feet in length and the east line 135 feet, or whether, as claimed by the appellants, the deed conveyed only a rectangular tract 107 feet north and south on both sides and 360 feet east and west on both sides. The disputed portion is a triangular strip of ground

beginning 28 feet north of the 107 foot mark on the east of the lot and tapering down to 0 feet on the west or South Second street side. The evidence indicates that the deed from the appellants to the Mumbowers was prepared by some one in the office of a real-estate company.

In the construction of deeds, it is the rule that the intention of the parties is the test by which to determine the effect of a deed and that rule applies also to questions involving descriptions and boundaries. (*Brenneman* v. *Dillon,* 296 Ill. 140; *Brunotte* v. *DeWitt,* 360 Ill. 518.) That intention must be gathered from the instrument itself and the admissible extraneous facts and circumstances.

Appellants cite, and strongly urge, the rule of construction as exemplified by prior decisions such as *Bishop* v. *Morgan,* 82 Ill. 351; *Cottingham* v. *Parr,* 93 Ill. 233; and *Seeders* v. *Shaw,* 200 Ill. 93, that where there is a conflict between a quantity description and a metes-and-bounds description, the latter will prevail. On the other hand, appellees say that it is a well-founded principle of law that where there is a doubt as to the construction of a deed, it shall be taken most favorably for the grantee. *Sharp* v. *Thompson,* 100 Ill. 447; and *Casler* v. *Byers,* 129 Ill. 657.

Appellants maintain that it was their intention to convey only a tract of land 107 feet north and south by 360 feet east and west.

Appellant Calvin H. Dahncke testified there were metal markers, consisting of steel pipe at the time of the conveyance, place at the northeast and northwest corners, marking off a lot 107 by 360 feet, and that the appellees saw them. This testimony is not denied.

We find no corroborating circumstances in the record evidencing an intention to convey an irregular tract of land. The appellees urge that the words "One (1) Acre" must be given effect and held to mean that they were entitled

to one full acre; that it was the clear intention of the deed to convey 107 feet frontage on South Second street which would be the west boundary line of the lot, but that the words "more or less" must be applied exclusively to the latter part of the description reading "and running east and west 360 feet more or less." We do not understand that the first words of a description control or that the second part should be excluded, but the entire description should be construed together in ascertaining the intention of the parties. It is just as reasonable to construe the words "more or less" appearing at the end of the description as qualifying the quantity, "One Acre," as to apply it to the linear boundaries following.

It appears to us that the contention of appellees leads to a strained and unnatural description of the lot conveyed, and in order to sustain such construction the court must engage in a mathematical calculation to confirm an irregular tract not described in the deed and containing two angles which are not right angles. It would certainly be a deviation from an east and west line and from the language in the deed "and running east and west 360 feet deep."

It would also be a departure from the well-established rule of law announced in *Seeders* v. *Shaw,* 200 Ill. 93, where this court said: "The law is well settled that where a deed contains two descriptions, each of which is in itself complete, one describing the land conveyed by quantity and the other by metes and bounds, in case of conflict the description by metes and bounds will control and that by quantity will be rejected. Mr. Martindale, in his work on Conveyancing, (2d ed. p. 98,) says: 'The quantity of land mentioned in a deed as being the number of acres conveyed must yield to the boundaries contained in the description, and if inconsistent with the actual area of the premises as thus ascertained it will be rejected.' In *Cottingham* v. *Parr,*

93 Ill. 233, on page 236, the court say: 'It is also a rule that where land is described in a deed by monuments and quantity, and upon a survey they are not harmonious, the quantity must yield to the monuments. In fact, of all the indicia by which the boundaries of land are to be ascertained, that of quantity is held perhaps the least reliable. Quantity yields to course and distance, course and distance to monuments.' "

Appellees also rely heavily upon another well-known principle of law holding that a description contained in a deed is to be construed most favorably to the grantee. (*Brenneman* v. *Dillon,* 296 Ill. 140; *Casler* v. *Byers,* 129 Ill. 657; *Forest Preserve District* v. *Lehman Estate, Inc.,* 388 Ill. 416.) In none of these cases is the question presented whether quantity mentioned in a deed will prevail over metes and bounds or courses and distances. In most of the cases cited there were ambiguities and errors appearing which called for extrinsic evidence in order to definitely locate the property conveyed but not holding that a greater quantity was conveyed than that included in a metes-and-bounds description.

We believe it was the intention of the grantors in this case to convey to the appellees a lot 107 feet north and south and 360 feet east and west, and there is no legal right in the appellees to insist and demand one full acre, and to initiate a metes-and-bounds description of their own not included in the deed in order to meet with their views.

Because of the views expressed, the judgment of the circuit court of Effingham county is reversed and the cause remanded with directions to enter a judgment in favor of the appellants.

*Reversed and remanded, with directions.*