(No. 34685.—)
A. EVERETT PATTON, Appellant, *vs.* BURTON D. VINING
*et al.*, Appellees.

*Opinion filed May 21, 1958.*

GRAY, McINTIRE, PETERSEN & ACKMAN, of Kankakee, (ISHAM, LINCOLN & BEALE, of counsel,) for appellant.

EVA L. MINOR, and BUTZ, BLANKE & STITH, both of Kankakee, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

A. Everett Patton filed a complaint in ejectment in the circuit court of Kankakee County against the heirs of Mary J. Vining, deceased. The court dismissed the suit on motion of defendants; and plaintiff appeals directly to this court, a freehold being involved.

The correctness of the order appealed from depends upon a proper construction of the deed whereby the real estate in question was conveyed to plaintiff's predecessor in title. The property consists of a tract of land in Kankakee County, bordering on the Kankakee River. By a statutory form of warranty deed dated December 1, 1913, Mary J. Vining conveyed it to one James L. Clark, through whom the plaintiff, by mesne conveyances, derives his title. The deed recites a consideration of $7875, and purports to convey the described property "and all rights and interests appurtenant thereto." After the clause reciting waiver of rights under the homestead exemption laws, the following paragraph appears above the grantor's signature:

"It is mutually agreed between the parties hereto that the grantor may retain possession of the premises hereby conveyed and the use rents issues profits thereof without charge, until she is notified that possession thereof is required for the improvements to be erected on the Kankakee

River at the Palisades; and may remove all buildings, timber and other improvements now upon said premises, provided such removal is made within sixty (60) days after notice that such possession is required."

The grantor subsequently died, her heirs went into possession, and almost twenty years thereafter the present action was instituted. No notice has ever been given that possession is required for the designated purpose.

The plaintiff contends that under the language of the paragraph in dispute, as well as under the entire context of the instrument, the interest retained was in the nature of a tenancy at will, that it was personal to the grantor, and that it terminated upon her death. The defendants insist that the possessory right retained by the grantor is an inheritable estate, terminable only when possession is required for the expressed purpose and notice thereof is given.

The primary object of construing a deed is to ascertain and give effect to the intention of the parties as disclosed by the instrument in question. A deed speaks for itself and its construction is dependent upon the language used. (*Law* v. *Kane*, 384 Ill. 591.) From an examination of the present instrument we think the parties intended that the enjoyment of possession or use was to be personal to the grantor and was not to extend beyond her lifetime. This construction is supported not only by the form of the clause, which is that of a simple agreement "between the parties hereto," but also by the language whereby the right is created and limited. It is provided, first, that the grantor "may" retain possession. Use of the word "may" in this context indicates an understanding that permission of the grantee was necessary. Such permission is not essential, of course, where an estate of inheritance is reserved. In providing that the grantor was to have the use "without charge," the parties have likewise evidenced an understanding that the source of the right was in the grantee, and that

as owner he could have made a charge for her use of the land. Finally, the right to possession was to exist only until "she" is given the prescribed notice. From the use of the personal pronoun and the absence of any reference to heirs or personal representatives, it is evident that the possessory right was intended to be personal to the grantor.

The defendants argue that the grantee desired the land for the sole purpose of constructing the improvements referred to, and that the long period of undisturbed possession by the grantor and her heirs shows that an inheritable estate in possession was intended to be reserved until the land was needed for such purpose. We cannot agree that the reference to improvements to be erected was intended to express such a limitation on normal incidents of ownership, nor does the plaintiff's failure to promptly assert his rights to possession have the significance urged by defendants. Where real property is conveyed in fee courts will not enforce a restriction on its use by the grantee unless the intention is clear to create such a limitation. (*Downen* v. *Rayburn,* 214 Ill. 342.) Moreover, where there is doubt as to the construction of a deed it is to be interpreted most favorably for the grantee. (*Williams* v. *Swango,* 365 Ill. 549; *McReynolds* v. *Stoats,* 288 Ill. 22, 28.) In the light of the language employed, as well as under established rules of construction, we think the clause in question was inserted for the personal convenience of the grantor and that all rights thereunder terminated upon her death. It follows that right to possession is now in the plaintiff, and that the complaint stated a good cause of action.

The circuit court erred in dismissing the suit. The order is reversed and the cause is remanded with directions to deny the defendants' motion to dismiss.

*Reversed and remanded, with directions.*